```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

WILLIE MERRELL,                   :
      Plaintiff              :
                             :
      vs.                    :  CIVIL NO. 1:CV-09-1093
                             :
R. M. LAWLER, et al.,             :
      Defendants             :


*M E M O R A N D U M*

I.  *Introduction*

The pro se plaintiff, Willie Merrell, an inmate at SCI-Huntingdon, filed this civil-rights complaint alleging that he was wrongfully denied parole, a medically needed transfer to another prison, his right to attend religious services, and subjected to retaliation. He names the following defendants: R.M. Lawler, Huntingdon's superintendent; Mr. J. Keller, Plaintiff's unit manager who then became a program manager at Huntingdon; Mr. A. Lovett, a counselor at Huntingdon; Jill J. Spyker, a psychological services specialist at Huntingdon; Connie Green, the grievance coordinator at Huntingdon; Lawrence F. Murray, an agent for the Pennsylvania Board of Probation and Parole; Dorina Varner, the chief grievance officer for the Pennsylvania Department of Corrections (DOC); and Jeffrey A. Beard, the secretary of the DOC.

Plaintiff has also requested in forma pauperis status. We will grant that request, and because Plaintiff is proceeding in

forma pauperis, we will examine the complaint under 28 U.S.C. § 1915(e)(2)(B) for legal sufficiency before authorizing service.

II. *Background*

Plaintiff makes the following claims. First, he alleges the Eighth Amendment was violated because there was no heat in his cell. He avers that while he was an inmate at SCI-Greene in 2000, the prison administrators decided he had to be in a prison that had heat in his cell because of a back injury he suffered in a 1993 DOC van accident. (Compl. ¶¶ 13-16). Plaintiff was transferred to SCI-Huntingdon but placed on BA-Block, a block with opened windows, no ventilation, and radiators with no heat. (*Id.* ¶ 18). Further, Plaintiff's cell was on the bottom tier, where the cold air collected. Huntingdon did have F-Block, which were bottom, single cells for inmates with Plaintiff's back condition, but that option was ignored. (*Id.* ¶ 21). The BA-Block unit team told Plaintiff he would be transferred to either Graterford or Dallas after he was seen by the Parole Board. (*Id.* ¶¶ 22 and 23).

The medical department supported Plaintiff's need to be in a prison that provided heat to his back and body and wrote reports and made phone calls to the defendants in support. (*Id.* ¶ 41). Defendant Keller told Plaintiff when he was Plaintiff's unit manager that if Plaintiff were approved for a medical transfer, he would transfer Plaintiff, but when Keller became program manager, he participated in the denial of Plaintiff's transfer. (*Id.* ¶ 32).

Defendant Lovett refused to clarify for the other defendants that the medical department supported the transfer to either Graterford or Dallas. (*Id.* ¶ 33).

On March 20, 2009, Plaintiff's back gave out on him "due to the freezing conditions" on BA-Block. (*Id.* ¶ 42). He collapsed on the floor and had to be helped into bed until he was taken to the medical department in the morning, (*id.* ¶ 43 and 44), where they acknowledged that his injury was due to a lack of heat. (*Id.* ¶ 45).

Plaintiff also makes a due-process claim arising from his participation in a sex-offender program at Huntingdon. Plaintiff had a sex-offense conviction and was in a sex-offender group while he was incarcerated at SCI-Greene, but Plaintiff had served all of his time on the sex offense, and he alleges there was no longer any need for him to participate in the sex-offender group. Defendant, Jill J. Spyker, the psychological services specialist at Huntingdon, taught the sex-offender group. (*Id.* ¶¶ 5 and 24). Spyker insisted that Plaintiff participate in the group at Huntingdon, and discuss his sex offense, even though he had served his maximum time on that offense. (*Id.* ¶¶ 25 and 26). Spyker then told Plaintiff he could leave the group and get back into the class at his next prison. However, Spyker then prepared a false report stating that Plaintiff had quit the group and had been uncooperative, sending this report to the Parole Board. (*Id.* ¶ 28). Because of this report, the Board denied parole, using the

3

sex program as the reason for the denial, even though defendant Murray, a Board agent, knew Plaintiff had maxed out his sentence on that offense. (*Id.* ¶¶ 29 and 31). Defendant Lovett then denied Plaintiff a transfer because he had not completed the sex group and because he had been denied parole. (*Id.* ¶ 30). Defendant Lovett also refused to clarify for the other defendants that Plaintiff had "maxed out" on his sex offense. (*Id.* ¶ 33).

As an additional injury from denial of parole, Plaintiff was unable to visit family properties he had inherited from his parents, resulting in the family properties being damaged or destroyed by "family squatters." (*Id.* ¶¶ 52 and 53).

Additionally, Plaintiff makes a First Amendment claim for denial of the right to practice his religion. Plaintiff alleges he was unable to attend chapel because he is a first-tier medical prisoner based on his back injury and the chapel is on the fourth tier. (*Id.* ¶¶ 48 and 49). Plaintiff cannot walk the steps up to the fourth tier, (*id.* ¶ 49), and "[a]ll other prisons have religious services on the ground level, and have alternative settings for prisoners that cannot climb steps." (*Id.* ¶ 51).

Plaintiff sets forth retaliation claims, alleging that the defendants "retaliated due to Plaintiff[']s rights to redress program requirements and grievances," (*id.* ¶ 56), which we take as a reference to his First Amendment right to petition the government. He also alleges he was deprived of his First Amendment free-exercise rights "due to retaliation." (*Id.* ¶ 58).

4

Additionally, he alleges "Defendants retaliated and conspired to prevent Plaintiff from being transfer[red], endangering Plaintiff[']s health and well being." (*Id.* ¶ 46).

Plaintiff alleges defendant Green, the grievance coordinator at Huntingdon, "attempted on various [occasions] to hinder Plaintiff from filing and exhausting complaints." (*Id.* ¶ 34). He alleges that defendant Varner, the DOC's chief grievance officer, reversed the defendants' decisions on various occasions but did not rectify the matters when the defendants failed to correct their actions. (*Id.* ¶ 35). Plaintiff alleges that defendant Lawler, the prison's superintendent, "acted in supervisory liability and deliberate indifference to Plaintiff[']s well being and health." (*Id.* ¶ 36). He alleges that Lawler was informed of what was happening "yet acted in conspiracy with his subordinates to deny Plaintiff[']s medical and incentive based transfer . . . ." (*Id.* ¶ 37). Plaintiff alleges that defendant Beard, the DOC secretary, visited the prison on January 23, 2009, and Plaintiff spoke with him and showed him his paperwork. (*Id.* ¶ 38). Secretary Beard "promised to correct the matter and have [Defendant] transferred," (*id.* ¶ 39), but "never acted on his word, or on the paperwork . . . ." (*Id.* ¶ 40). Plaintiff further alleges that all the defendants "acted in supervisory liability and deliberate indifference to Plaintiff[']s well being and health, since they all are high ranking administrators, that had

5

involvement in, knowledge of, or should have had knowledge of, or acted wrongly or refused to act rightly." (*Id.* ¶ 64).

In his prayer for relief, Plaintiff requests a transfer to either Graterford or Dallas and compensatory and punitive damages.

III. *Discussion*

A complaint filed in forma pauperis may be dismissed if it is determined that the action is frivolous, malicious, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). In applying this statutory screening requirement, we will employ the standard used to analyze motions to dismiss under Fed. R. Civ. P. 12(b)(6). Thus, we will assume the truth of the plaintiff's factual allegations. *White v. Napoleon*, 897 F.2d 103, 106 (3d Cir. 1990), in deciding "whether under any reasonable reading of the pleadings, plaintiff may be entitled to relief." *Simon v. Cebrick*, 53 F.3d 17, 19 (3d Cir. 1995). However, we will also bear in mind that we are performing an initial screening.

In reviewing the complaint, we conclude Plaintiff has not stated adequate retaliation claims. Plaintiff alleges that the defendants "retaliated due to Plaintiff[']s rights to redress program requirements and grievances," (Compl. ¶ 56), which we take as a reference to his First Amendment right to petition the

government. He also alleges he was deprived of his First Amendment free-exercise rights "due to retaliation." (*Id.* ¶ 58). Additionally, he alleges "Defendants retaliated and conspired to prevent Plaintiff from being transfer[red], endangering Plaintiff[']s health and well being." (*Id.* ¶ 46).

A retaliation claim has three elements: (1) the plaintiff engaged in a constitutionally protected activity; (2) he suffered "some adverse action" at the hands of a prison official; and (3) "a causal link between the exercise of [the] constitutional right[ ] and the adverse action taken." *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001).

As to Plaintiff's claim that he was retaliated against because he exercised his right to enforce program requirements by filing grievances, the complaint fails to allege facts supporting the second element. Plaintiff has failed to allege the adverse action taken (what was done to him) as a result of the exercise of the constitutional right. Plaintiff will be granted leave to amend his complaint to allege the second element.[1]

As to Plaintiff's claim that he was deprived of his First Amendment free-exercise rights "due to retaliation," he has failed to allege the first element, the constitutionally protected activity he engaged in that resulted in the deprivation of hie

---

[1] Pro se litigants are to be granted leave to file a curative amendment "even when a plaintiff does not seek leave to amend," unless such an amendment would be inequitable or futile. *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004).

7

First Amendment free-exercise rights. Plaintiff will be granted leave to allege this element.

Finally, as to the claim that the defendants retaliated by preventing his transfer, Plaintiff has also failed to allege the first element of a retaliation claim, the constitutionally protected activity he engaged in that resulted in the denial of a transfer. Plaintiff will be granted leave to allege this element.

A review of the complaint indicates that the allegations against Green, the grievance coordinator at Huntingdon, concerning hindering the filing of grievances fail to state a claim. Plaintiff alleges Green "attempted on various [occasions] to hinder Plaintiff from filing and exhausting complaints." (Compl. ¶ 34). An attempt to hinder, without actual obstruction, does not state a claim, and since amendment would be futile, this claim will be dismissed without leave to amend. *See Alston*, *supra*, 363 F.3d at 235.

The claim against defendant Varner, the DOC's chief grievance officer, also fails to state a claim. Plaintiff alleges that Varner reversed the other defendants' decisions on various occasions but did not rectify the matters when the defendants failed to correct their actions. "A defendant in a civil rights action must have personal involvement in the alleged wrongs. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08 (3d Cir. 1988)(alleged conduct of correctional officials which occurs after a purported civil rights violation does not give rise to a civil rights

8

claim). Here, Plaintiff fails to allege that Varner had personal involvement in any wrongdoing that occurred after he had reversed certain decisions. Plaintiff will be granted leave to amend his complaint to allege the personal involvement of Varner, if he can make the necessary allegations.

Plaintiff makes a general allegation that the defendants have supervisory liability. As noted, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs, liability cannot be predicated solely on the operation of *respondeat superior.* Personal involvement may be shown through allegations of personal direction or actual knowledge and acquiescence." *Rode, supra,* 845 F.2d 1195 at 1207-08 (3d Cir. 1988). Hence, any claim against any defendant based solely on supervisory liability will be dismissed.

Plaintiff alleges as an additional injury from denial of parole that he was unable to visit family properties he had inherited from his parents, resulting in the family properties being damaged or destroyed by "family squatters." (Compl. ¶¶ 52 and 53). This is "but for" causation, but a civil rights claim requires proximate causation. *Hedges v. Musco*, 204 F.3d 109, 121 (3d Cir. 2000). Thus, this damages claim fails. It will be dismissed without leave to amend.

We will issue an appropriate order.

                                            <u>/s/William W. Caldwell</u>
                                            William W. Caldwell
                                            United States District Judge

Date: June 24, 2009

IN THE UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


WILLIE MERRELL,                  :

        Plaintiff                :
                                 :
        vs.                      :    CIVIL NO. 1:CV-09-1093
                                 :
R. M. LAWLER, et al.,            :

        Defendants               :


*O R D E R*

        AND NOW, this 24th day of June, 2009, upon initial review of the complaint under 28 U.S.C. § 1915(e)(2)(B), it is ordered that:

        1. As set forth in the accompanying memorandum, Plaintiff is granted leave to amend: (a) his retaliation claims; and (b) the claim against defendant Varner for failing to correct the alleged wrongdoing of other defendants.

        2. The claim against defendant Green that she hindered the filing of grievances is dismissed.

        3. Any claim for damages on the denial-of-parole claim based on the conduct of family members toward an inheritance is dismissed.

        4. Claims against any defendant based solely on supervisory liability are dismissed.

        5. Plaintiff shall have twenty days from the date of this order to file an amended complaint. If he fails to do so, the retaliation claims and the claim against defendant Varner for failing to correct the alleged wrongdoing of other defendants will be dismissed.

6. Plaintiff's application (doc. 2) to proceed in forma pauperis is granted.

/s/William W. Caldwell<br>
William W. Caldwell<br>
United States District Judge