IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WILLIE LEE MERRELL, :
    Plaintiff :
:
    vs.                      CIVIL NO. 1:CV-09-1093
:
RAYMOND LAWLER, et al., :
    Defendants :

*M E M O R A N D U M*

I. *Introduction*

      This is a pro se civil-rights action filed by plaintiff, Willie Merrell, an inmate at SCI-Huntingdon, Huntingdon, Pennsylvania, that made several constitutional claims. Upon an initial screening, and then later by way of a motion to dismiss, the claims were reduced to the following: (1) an Eighth Amendment medical claim for lack of heat in Plaintiff's cell against defendants Jeffrey A. Beard, the secretary of the Department of Corrections; R.M. Lawler, Huntingdon's superintendent; Mr. J. Keller, Plaintiff's unit manager who then became a program manager at Huntingdon; and Mr. A. Lovett, a counselor at Huntingdon.

      Plaintiff also had a First Amendment free-exercise claim, which was dismissed, but with leave to amend so that Plaintiff could name the defendants who had personal involvement in the denial of his right to practice his religion.[1] In compliance with our order, Plaintiff filed a second amended complaint (doc. 25) and

---

[1] Plaintiff alleges Huntingdon's chapel is on the fourth tier of B-Block. (Doc. 10, Am. Compl. Part IV, third paragraph). Plaintiff is unable to attend chapel because he is a first-tier medical prisoner based on his back injury. (Original Compl. ¶¶ 48 and 49). Plaintiff cannot walk the steps up to the fourth tier. (*Id.* ¶ 49).

named three new defendants: Mary Lou Showalter, health-care administrator; deputy Fisher, former Huntingdon deputy and now the superintendent at SCI-Smithfield; and deputy B. Corbin. He also named defendants Keller and Lawler on this claim.

Plaintiff additionally sought leave to file a supplemental complaint on a retaliation claim. We allowed him to do so and Plaintiff filed a supplemental complaint (doc. 24) naming security officer Tress as the defendant.

We are considering two motions to dismiss the second amended complaint, one by defendants Beard, Lawler, Keller and Lovett and the other by the new defendants, Showalter, Fisher, Corbin and Tress. The latter motion also challenges the supplemental complaint against Tress.

II.     *Standard of Review*

Fed. R. Civ. P. 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Under Rule 12(b)(6), we must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008)).

A complaint has to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d. 929 (2007). Detailed factual allegations are not required, *id.* at 555, 127 S.Ct. at 1964; *Pryor*, *supra,* 288 F.3d at 564, only a "short and plain statement" showing the right to relief. *Pryor*, *supra,* 288 F.3d at 564 (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) and quoting Fed. R. Civ. P. 8(a)(2)). "The plausibility standard is not akin to a 'probability

2

requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, __ U.S. __, __, 129 S.Ct. 1937, 1949 (2009)(quoting *Twombly*, 550 U.S. at 556, 127 S.Ct. at 1965).

Additionally, "'however inartfully pleaded,' the 'allegations of [a] pro se complaint [are held] to less stringent standards than formal pleadings drafted by lawyers.'" *Mitchell v. Horn,* 318 F.3d 523, 529 (3d Cir. 2003)(quoting *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652, 654 (1972)) (brackets in *Mitchell*).

III.  *Discussion*

    A.  The Beard, Lawler, Keller and Lovett
Motion to Dismiss

These defendants first argue that the Eighth Amendment medical claim and retaliation claim against them must be dismissed because Plaintiff did not replead them in his second amended complaint, as required by Local Rule 15.1(a). We disagree. Local Rule 15.1(a) requires a party's amended pleading to be "complete in itself" when the "party files a motion requesting leave to file an amended pleading." Here, Plaintiff did not file a motion seeking to file a amended complaint. Instead, he was ordered to do so after the defendants filed a motion to dismiss. As we noted in our memorandum of January 15, 2010, citing *Payne v. DeLuca*, 433 F. Supp. 2d 547, 606 n.62 (W.D. Pa. 2006), a plaintiff does not always have to start over with an amended complaint that can stand on its own.

The defendants next argue that the First Amendment free-exercise claim fails as against defendants Lawler and Keller for not alleging their personal involvement in the claim. *See Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir.

3

2005)(personal involvement in the alleged wrongs is necessary for the imposition of liability in a civil rights action). As the defendants note, Plaintiff alleges that they "failed to accommodate Plaintiff, both by reply of grievance [sic] and by way of meeting in chapel." (Doc. 25, Second Am. Compl. ¶ 5). We disagree. Plaintiff is pro se, and a pro se complaint is held to a less stringent standard. In context, the allegation fairly states that these defendants were made aware of Plaintiff's ongoing difficulty in attending chapel services.

The defendants also argue that the First Amendment claim fails on the merits because Plaintiff has not been precluded from practicing all aspects of his religion, only from attending services. Citing *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 352, 107 S.Ct. 2400, 2406, 96 L.Ed.2d 282 (1987), the defendants maintain that Plaintiff has no free-exercise claim when it is based simply on the fact he cannot attend religious services. We disagree. The defendants have employed only part of the analysis from *O'Lone,* and thus their argument is defective.

      B.    *The Showalter, Fisher, Corbin and Tress Motion to Dismiss*

These defendants first argue that any claim for damages against them in their official capacities is barred by the Eleventh Amendment. To the extent Plaintiff is suing them in their official capacities, we agree and will dismiss any claim for money damages against these defendants in their official capacities. *See Ali v. Howard*, 353 F. App'x 667, 572 (3d Cir. 2009)(per curiam) (nonprecedential)(Eleventh Amendment bars claim for money damages against state defendants in their official capacities).

The defendants next argue that the claim against Tress fails because Plaintiff did not set it forth in his second amended complaint (doc. 25), which they argue takes the place of the supplemental complaint (doc. 24). These defendants also

4

rely on Local Rule 15.1(a). For the reasons set forth above, we disagree. The supplemental complaint can stand on its own in setting forth the claim against Tress.

The defendants next argue that the supplemental complaint fails to state a retaliation claim against Tress for two reasons. First, the pleading admits that Plaintiff's grievance about property being confiscated was not the motivating factor for Tress's filing of the misconduct charge because the complaint alleges that he filed the charge after being told by medical staff that the items did not belong to Plaintiff. Second, Plaintiff is relying on the temporal proximity of his grievance to the misconduct, and only when the temporal proximity is "unusually suggestive" may temporal proximity support an inference of causation. *See LeBoon v. Lancaster Jewish Comty. Ctr. Ass'n*, 503 F.3d 217, 232 (3d Cir. 2007)(temporal proximity standing alone may prove causation when its connection to the adverse action is "unusually suggestive").

The supplemental complaint alleges the following.[2] On August 21, 2009, Tress and another officer confiscated Plaintiff's orthopedic boots, his back brace, and his two request slips that complained that the boots were too large. (Doc. 24, Supp. Compl., p. 2). Security believed that Plaintiff was trying to obtain new boots by pretending that the boots, which had been specially prepared for Plaintiff, were too large. (*Id.*)

On August 25, 2009, Plaintiff filed a grievance against Boozol for the confiscation. Boozol, a member of Huntingdon's medical staff, was responsible for the confiscation. (Doc. 18, Mot. to Amend ¶¶ 1 and 8). "In retaliation for the grievance," defendant Tress, a security officer, filed a misconduct against Plaintiff on September 9,

---

[2] We also take some averments from document 18, Plaintiffs' motion to file the supplemental complaint.

2009, about two weeks later.  Tress did so on the claim of defendant, Dana Keith, a member of the medical staff, that the items did not belong to Plaintiff and that Plaintiff was running a "con" on the medical department.  (Doc. 24, Supp. Compl., p. 2; doc. 18, Mot. to Amend ¶ 9).

Mitchell, the hearing officer on the misconduct, denied Plaintiff his choice of a fellow inmate to represent him at the hearing and instead required Plaintiff to use defendant Lovett.  (Doc. 24, Supp. Compl., pp. 2-3; doc. 18, Mot. to Amend ¶ 10). Mitchell also denied Plaintiff witnesses from the medical department who would have verified the boots were really Plaintiff's.  (*Id.* ¶ 11).  However, Mitchell postponed a hearing on the matter until the foot doctor who had made the boots could examine them to determine if they were the same boots.  When that person did examine the boots, he said they were the same boots and that they had merely been enlarged by stretching. (Doc. 24, Supp. Compl., p. 3).  Mitchell dismissed the charges.  (*Id.*).  on December 22, 2009, while defendant Tress was conducting a cell search of Plaintiff's cell, Tress told Plaintiff that "they made" him file the misconduct.  (Doc. 24, Supp. Compl., p. 3).

In his supplemental complaint, Plaintiff argues that to avoid the appearance of retaliation the misconduct is often written by someone other than the person against whom the inmate had filed the grievance.  Plaintiff also cites case law for the proposition that the timing of the misconduct in relation to the grievance is circumstantial evidence of retaliation.

A retaliation claim has three elements: (1) the plaintiff engaged in a constitutionally protected activity; (2) he suffered "some adverse action" at the hands of a prison official; and (3) "a causal link between the exercise of [the] constitutional

6

right[ ] and the adverse action taken." *Rauser v. Horn,* 241 F.3d 330, 333 (3d Cir. 2001).

We agree with the defendants that Plaintiff has failed to allege a retaliation claim against Tress. The supplemental complaint itself alleges that Tress filed the misconduct because "they made" him do it and that Dana Keith, a member of the medical staff, wanted it filed because the medical staff believed Plaintiff was pulling a "con" on the medical department in an attempt to obtain new boots. These allegations do not create a plausible inference of retaliation, on Tress's part or on the part of any other prison official named in the motion to amend or the supplemental complaint.[3] Plaintiff does allege that Tress had acted "in retaliation," but that averment is conclusional, and conclusional averments are not enough. In addition, the timing of the misconduct, about two weeks after the grievance, is not probative of a retaliatory intent, although it might be in the non-prison context. Moreover, Plaintiff alleges Tress filed the misconduct at the urging of the medical staff, yet Plaintiff alleges in connection with his Eighth Amendment medical claim for lack of heat in his cell that the medical staff supported him in his attempt to transfer to another prison to avoid the cold conditions at Huntingdon. (Original Compl. ¶ 41). We will therefore dismiss the retaliation claim against Tress.[4]

The defendants next argue that Plaintiff has failed to allege the personal involvement of Showalter, Fisher and Corbin in his First Amendment free-exercise claim because he alleges they did not respond to his "grievance appeals" about access to religious services, and prison officials have no personal involvement in a

---

[3] Plaintiff had wanted to name Boozol, Keith and Mitchell as defendants on this claim in addition to Tress.

[4] We could grant Plaintiff leave to amend ths claim, *see Alston v. Parker,* 363 F.3d 229, 235 (3d Cir. 2004), but we believe it would be futile to do so since Plaintiff has provided sufficient averments but has still not made a claim.

civil-rights claim if they merely review grievances about the claim. We disagree. Plaintiff alleges that these defendants not only denied grievances but also his "attempts . . . to be accommodated" by a service on the first tier. (Doc. 24, Second Am. Compl. ¶ 3). Their alleged failure to assist in an accommodation indicates personal involvement.

   We will issue an appropriate order.

               <u>/s/William W. Caldwell</u>
               William W. Caldwell
               United States District Judge

Date: June 16, 2010

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WILLIE LEE MERRELL, :
    Plaintiff :
     :
    vs.                CIVIL NO. 1:CV-09-1093
     :
RAYMOND LAWLER, et al., :
    Defendants :

*O R D E R*

AND NOW, this 16th day of June, 2010, it is ordered that:

    1. The motion (doc. 26) of defendants Beard, Lawler, Keller and Lovett to dismiss is denied.

    2. The motion (doc. 37) of defendants Showalter, Fisher, Corbin and Tress to dismiss is granted in part and denied in part.

    3. The retaliation claim against defendant Tress is dismissed, and Tress is hereby dismissed from this action.

    4. Claims against defendants Showalter, Fisher and Corbin in their official capacities are dismissed as barred by the Eleventh Amendment.

    5. In all other respects, the motion (doc. 37) is denied.

                            /s/William W. Caldwell
                            William W. Caldwell
                            United States District Judge